——— FILED      ——— ENTERED
——— LODGED    ——— RECEIVED

JUL 0 3 2007

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASH.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM STANFORD, JR., individually and on behalf of all other similarly situated persons and on behalf of the FOAMEX L.P. SAVINGS PLAN, <br><br> Plaintiff, <br><br> v. <br><br> FOAMEX L.P.; FOAMEX L.P. BENEFITS COMMITTEE; FIDELITY MANAGEMENT TRUST CO.; and UNKNOWN FIDUCIARY DEFENDANTS 1-100, <br><br> Defendants. | NO. **C 07-1017** TSZ <br><br> COMPLAINT – CLASS ACTION <br><br>  <br><br> **07-CV-01017-CMP** |

## A. NATURE OF ACTION

1.    This is a civil enforcement action brought pursuant to section 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132.

2.    This lawsuit is for breach of fiduciary duty concerning the 401(k) plan sponsored by Foamex L.P. ("Foamex"). It is brought pursuant to ERISA, the federal statute that comprehensively regulates such plans.

3.    This lawsuit concerns the Foamex L.P. Savings Plan (the "Plan"), a retirement plan established as benefit for Foamex employees.

COMPLAINT—CLASS ACTION – 1

SIRIANNI YOUTZ
MEIER & SPOONEMORE
719 SECOND AVENUE, SUITE 1100
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303 FAX (206) 223-0246

ORIGINAL.

4.      Plaintiff William Stanford, Jr. is a current Foamex employee who is a participant in the Plan.  Defendants are Foamex, the Foamex L.P. Benefits Committee (the "Committee"), Fidelity Management Trust Company ("Fidelity"), and various other persons who were responsible for managing the Plan or who exercised authority or control respecting management or disposition of the Plan's assets (the Plan's "fiduciaries").

5.      As a substantive matter, Plaintiff alleges, among other things, that these fiduciaries breached their fiduciary duties with respect to the investment of the Plan's holdings of stock of Foamex International, Inc., in the Foamex Stock Fund.  As a procedural matter, Plaintiff seeks to bring the lawsuit to recover losses suffered by the Plan as a class action, that being one of the available procedural vehicles for a claim of this type.  And, as a remedial matter, Plaintiff seeks, among other things, to have the breaching fiduciaries make good to the Plan the massive losses it suffered as a result of their breaches.

**B.   THE PLAN AND THE FOAMEX STOCK FUND**

6.      The Foamex L.P. Savings Plan is an "employee pension benefit plan" within the meaning of ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A).  The Plan is an "individual account plan" within the meaning of ERISA § 3(32), 29 U.S.C. § 1002(32).  The Plan is a profit sharing plan within the meaning of section 401(a)(27) of the Internal Revenue Code of 1986 (the "Code), 26 U.S.C. § 401(a)(27), and includes a "qualified cash or deferred arrangement" within the meaning of Code section 401(k), 26 U.S.C. § 401(k).

7.      ERISA requires that a plan be "established and maintained pursuant to a written instrument."  ERISA § 402(a)(1), 29 U.S.C. § 1022(a)(1).  The currently effective written instrument for the Plan is the Foamex L.P. Savings Plan, as amended and restated effective January 1, 2001, executed December 10, 2001 (the "2001 Plan

COMPLAINT—CLASS ACTION – 2

SIRIANNI YOUTZ
MEIER & SPOONEMORE
719 SECOND AVENUE, SUITE 1100
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303  FAX (206) 223-0246

Document"), as amended by Amendment No. 1 to The Foamex L.P. Savings Plan, adopted December 10, 2002, by Amendment No. 2 to The Foamex L.P. Savings Plan, adopted March 24, 2004, by Revised Amendment No. 2 to The Foamex L.P. Savings Plan, adopted March 24, 2004, adopted May 20, 2004, by Amendment No. 3 to The Foamex L.P. Savings Plan, adopted September 20, 2004, and by Amendment No. 4 to The Foamex L.P. Savings Plan, adopted September 8, 2005.

8.    The 2001 Plan Document defines several terms relevant to this action.  Section 1.26 defines "Employer Stock" as "the common stock of Foamex International, Inc."  Section 1.32 defines the Foamex Stock Fund as

> a non-diversified stock fund that invests solely in Employer Stock.  All such shares of Employer Stock to be held in the Foamex Stock Fund shall be acquired exclusively through purchases on the open market.  Dividends, if any, shall be used, as soon as practicable, to purchase additional such shares of Employer stock.

9.    Under the 2001 Plan Document, and until its amendment by Amendment No. 4, Plan participants were permitted to direct the investment of the assets allocated to their individual accounts into the Foamex Stock Fund.  In addition, Foamex made "Incentive Matching Contributions" that were invested into the Foamex Stock Fund.

## C.  PARTIES

10.    Plaintiff William Stanford, Jr. is a resident of Mesquite, Texas. Plaintiff has been employed at Foamex since 1992.  At all relevant times, he was a participant (as defined in ERISA § 3(7), 29 U.S.C. § 1002(7)) in the Plan.  A portion of the assets in Mr. Stanford's individual account under the Plan was invested in the Foamex Stock Fund beginning in 1995 and through its liquidation on December 22, 2006. Plaintiff is authorized to bring this action by ERISA §§ 409(a) and 502(a)(2) and (3), 29

COMPLAINT—CLASS ACTION – 3

1  U.S.C. § 1109 and 132(a)(2) and (3), which confer standing to bring breach of fiduciary

2  duty claims on, among others, participants in an employee benefit plan.

3         11.     Defendant Foamex L.P. is a limited partnership organized under the

4  laws of Pennsylvania.  Foamex is the Plan's "sponsor," within the meaning of ERISA

5  § 3(16)(B), 29 U.S.C. § 1002(16)(B).  On information and belief, Foamex exercised

6  authority or control with respect to the management or disposition of the Plan's assets in

7  the Foamex Stock Fund during the time when the breaches alleged herein occurred.

8  Foamex was therefore a fiduciary of the Plan within the meaning of ERISA § 3(21)(A), 29

9  U.S.C. § 1002(21)(A) with respect to the disposition of the Plan's assets in the Foamex

10  Stock Fund during the time when the breaches alleged herein occurred.

11         12.     Defendant Foamex L.P. Benefits Committee (the "Committee")

12  consists of members appointed by Foamex.  Under the Plan's plan document, the

13  Committee has complete authority to control and manage the operation and

14  administration of the Plan.  On information and belief, the Committee or individual

15  defendant Committee member(s) exercised authority or control with respect to

16  management or disposition of the Plan's assets in the Foamex Stock Fund during the

17  time when the breaches alleged herein occurred.  The Committee and its members were

18  therefore fiduciaries of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C.

19  § 1002(21)(A) with respect to the disposition of the Plan's assets in the Foamex Stock

20  Fund during the time when the breaches alleged herein occurred.

21         13.     Defendant Fidelity Management Trust Co. ("Fidelity") is a

22  corporation incorporated under the laws of the state of Massachusetts.  At all relevant

23  times Fidelity was the trustee of the trust that holds the assets of the Plan, including Plan

24  assets invested in the Foamex Stock Fund.  On information and belief, Fidelity exercised

25  authority or control with respect to management or disposition of the Plan's assets in the

26

COMPLAINT—CLASS ACTION – 4

Foamex Stock Fund during the time when the breaches alleged herein occurred. Fidelity was a therefore a fiduciary of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), with respect to the disposition of the Plan's assets in the Foamex Stock Fund during the time when the breaches alleged herein occurred.

14.     The Plan is a legal entity that can sue or be sued. ERISA § 502(d)(1), 29 U.S.C. § 1132(d)(1).  However, in a breach of fiduciary duty action such as this, the Plan is neither a plaintiff nor a defendant.  Rather, pursuant to ERISA § 409, 29 U.S.C. § 1109, the relief requested in this action is for the benefit of the Plan.  Stated differently, in this action Plaintiff seeks to recover the losses suffered by the Plan at the Plan level.

## D.  JURISDICTION AND VENUE

15.     *Subject Matter Jurisdiction.* This is a civil enforcement action pursuant to ERISA § 502(a), 29 U.S.C. § 1132(a).   This Court has original, exclusive subject matter jurisdiction of this action pursuant to the specific jurisdictional statutes for claims of this type, ERISA § 502(e)-(f), 29 U.S.C. § 1132(e)-(f).  This Court also subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1131.

16.     *Personal Jurisdiction.* ERISA provides for nation-wide service of process, ERISA § 502(e)(2), 29 U.S.C. 5 1132(e)(2). All of the Defendants are residents of the United States and this Court therefore has personal jurisdiction over them.

17.     *Venue.* Venue is proper in this District under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because defendant Foamex resides or may be found in this District.

## E.  CLASS ACTION ALLEGATIONS

18.     *Size and Definition of Class.* The class consists of Plan participants and beneficiaries whose individual accounts were invested in the Foamex

COMPLAINT—CLASS ACTION – 5

SIRIANNI YOUTZ
MEIER & SPOONEMORE
719 SECOND AVENUE, SUITE 1100
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303  FAX (206) 223-0246

1   Stock Fund between July 19, 2005, and its liquidation on December 22, 2006 (the

2   "Liquidation Date").

3          19.     *Class Representative.*  Named plaintiff William Stanford, Jr. has

4   been a Plan participant at all times material to this action.  A portion of his individual

5   account was invested in the Foamex Stock Fund between July 19, 2005, and the

6   Liquidation Date.  His claims are typical of the claims of the other members of the class,

7   and he will fairly and adequately represent the interests of the class.

8          20.     *Size of Class.*  The class of persons whose individual accounts

9   were invested in the Foamex Stock Fund between July 19, 2005 and the Liquidation Date

10  is expected to number in the hundreds and is so large that joinder of all members is

11  impracticable.

12         21.     *Common Questions of Law and Fact.*  This action requires a

13  determination of common questions of law and fact, which include:  (a) whether the

14  defendants were fiduciaries; (b) whether the defendants breached their fiduciary

15  obligations to the Plan's participants and beneficiaries by causing or permitting the

16  change in the holdings of the Foamex Stock Fund in a manner that conflicts with its

17  definition in the Plan's plan document; (c) whether the defendants breached their

18  fiduciary obligations with respect to transfers out of the Foamex Stock Fund in a manner

19  that conflicts with the Plan's plan document; (d) whether the defendants breached their

20  fiduciary obligations to the Plan's participants and beneficiaries by causing or permitting

21  sale of the Foamex International, Inc., stock held in the Foamex Stock Fund when

22  Foamex International, Inc., stock was at or near its historic low; (e) whether the

23  defendants breached their fiduciary obligations to the Plan's participants and

24  beneficiaries by enabling co-fiduciaries to commit violations of ERISA and, with

25  knowledge of such breaches, failing to make reasonable efforts to remedy the breaches;

26

COMPLAINT—CLASS ACTION – 6

and (e) whether, as a result of the fiduciary breaches engaged in by the defendants, the Plan and its participants and beneficiaries suffered losses. Determination of these common questions will determine whether plaintiff and the class are entitled to recovery for these breaches, and related breaches, under ERISA.

22. *Foamex Has Acted On Grounds Generally Applicable to the Class.* Defendants' conduct affected all members of the class. All defendants therefore acted on grounds generally applicable to the class. Certification is therefore proper under CR 23(b)(2).

23. *Questions of Law and Fact Common to the Class Predominate Over Individual Issues.* Many of the claims of the individual class members are too small to justify filing and prosecuting the claims separately. Thus, any interest that individual members of the class may have in individually controlling the prosecution of separate actions is outweighed by the efficiency of the class action mechanism. Upon information and belief, there has been no class action suit filed against the defendants for the relief requested in this action. This action can be properly prosecuted as a class action in the Western District of Washington, where the Plan sponsor, Foamex L.P., resides and does business. Issues as to the defendants' conduct in applying standard policies and practices towards all members of the class predominate over questions, if any, unique to members of the class. Certification is therefore additionally proper under CR 23(b)(3).

24. *Class Counsel.* Plaintiff has retained experienced and competent class counsel.

COMPLAINT—CLASS ACTION – 7

SIRIANNI YOUTZ
MEIER & SPOONEMORE
719 SECOND AVENUE, SUITE 1100
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303  FAX (206) 223-0246

## F.  FACTUAL BACKGROUND

25.     On September 8, 2005, the Committee adopted Amendment No. 4 to The Foamex L.P. Savings Plan, which, among other things, provided that effective July 20, 2005, a Plan participant could no longer

> direct new investments into, or transfer existing investments into or out of, the Foamex Stock Fund.  All investments in the Foamex Stock Fund as of July 19, 2005 shall remain in the Foamex Stock Fund until moved into an alternative investment fund or distributed according to the terms of the Plan.

26.     The definition of the Foamex Stock Fund as "a non-diversified stock fund that invests solely in Employer stock" was not amended by Amendment No. 4 to The Foamex L.P. Savings Plan.

27.     On information and belief, prior to July 19, 2005, the Foamex Stock Fund was comprised of about 95 percent Foamex International, Inc., stock and 5 percent cash.

28.     On information and belief, in September 2005, Fidelity, at the direction of Foamex, sold Foamex International, Inc., stock from the Foamex Stock Fund to increase the cash holdings of the Foamex Stock Fund to 20 percent.

29.     On information and belief, in early January 2006, Fidelity, at the direction of Foamex, sold Foamex International, Inc., stock from the Foamex Stock Fund to increase the cash holding of the Foamex Stock Fund to 50 percent.

30.     On information and belief, by January 30, 2006, Fidelity, at the direction of Foamex, sold the rest of the Foamex International, Inc., stock in the Foamex Stock Fund, thereby increasing the cash holdings of the Foamex Stock Fund to 100 percent.  Further, Fidelity instructed Foamex that this was the proper course of action.

COMPLAINT—CLASS ACTION – 8

31.     In February 2006, the price of Foamex International, Inc., stock began to rise.  On information and belief, the defendants began purchasing Foamex International, Inc., stock back into the Foamex Stock Fund on behalf of the Plan at a price much higher than they sold the Foamex International, Inc., stock for just one month prior.  By the end of February 2006, the Fund was comprised of about 50 percent Foamex International, Inc., stock and 50 percent cash.

32.     None of the defendants had the power or authority to ignore the defined purpose of the Foamex Stock Fund, as specifically defined in the Plan's plan document, and sell off the Foamex International, Inc., stock held in the Foamex Stock Fund.

33.     As a result of the various sales and purchases of Foamex International, Inc., stock held in the Foamex Stock Fund, the defendants caused the Plan and the Plan's participants and beneficiaries to miss out on enormous gains.

## G.  CLAIMS FOR RELIEF

### FIRST CLAIM:
### BREACH OF FIDUCIARY DUTIES IN VIOLATION OF
### ERISA § 404(A)(1)(A)-(D), 29 U.S.C. § 1104(A)(1)(A)-(D)

34.     Plaintiff re-alleges paragraphs 1 through 33, above.

35.     At all relevant times, each of the defendants acted as a fiduciary under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A) with respect to the disposition of the Plan's assets in the Foamex Stock Fund, and each defendant was a co-fiduciary of the others, ERISA § 405, 29 U.S.C. § 1105.

36.     ERISA imposes strict fiduciary duties upon plan fiduciaries.  ERISA § 404(a), 29 U.S.C. § 1104(a), states, in relevant part, that:

> [A] fiduciary shall discharge his duties with respect to a plan
> solely in the interest of the participants and beneficiaries
> and—

COMPLAINT—CLASS ACTION – 9

SIRIANNI YOUTZ
MEIER & SPOONEMORE
719 SECOND AVENUE, SUITE 1100
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303  FAX (206) 223-0246

(A)    for the exclusive purpose of

      (i)    providing benefits to participants and their beneficiaries; and

      (ii)    defraying reasonable expenses of administering the plan;

(B)    with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims;

(C)    by diversifying the investments of the plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; and

(D)    in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this title and Title IV.

37.    ERISA § 409(a), 29 U.S.C. § 1109(a), states, in relevant part:

Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this title shall be personally liable to make good to such plan any losses to the Plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the Plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

38.    The defendants violated their obligations under ERISA §§ 404(a)(1)(A)-(D), 29 U.S.C. §§ 1104(a)(1)(A)-(D) by failing act in accordance with the documents and instruments governing the Plan, which stated that the Foamex Stock Fund was "a non-diversified stock fund that invested solely in Employer stock." By

COMPLAINT—CLASS ACTION – 10

SIRIANNI YOUTZ
MEIER & SPOONEMORE
719 SECOND AVENUE, SUITE 1100
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303 FAX (206) 223-0246

making unauthorized sales of Foamex International, Inc., stock from the Foamex Stock Fund, the defendants violated the terms of the Plan documents and breached their fiduciary duties to the plaintiff, the Plan's participants and beneficiaries.

39.     In addition, under the terms of Amendment 4, as of July 20, 2005, all participants and beneficiaries were prohibited from transferring "existing investments into or out of, the Foamex Stock Fund" and "[a]ll investments in the Foamex Stock Fund as of July 19, 2005 shall remain in the Foamex Stock Fund until moved into an alternative investment fund or distributed according to the terms of the Plan." However, according to Foamex International Inc.'s Form 11-K, filed with the SEC on June 29, 2006, participants and beneficiaries were, in fact, allowed to transfer investments out of the Foamex Stock Fund prior to its liquidation on December 22, 2006.

40.     As a direct and proximate result of these acts and omissions, plaintiff, the Plan and the Plan's participants and beneficiaries have suffered losses and are entitled to relief under ERISA.

41.     Plaintiff, on behalf of himself, the class and the Plan, prays for relief compelling the defendants to make good the losses to the Plan by restoring to the Plan the loss of value in the Fund, including opportunity losses and interest, as a result of the defendants' breaches of their fiduciary duties.

**SECOND CLAIM:**
**BREACH OF DUTY UNDER ERISA § 405, 29 U.S.C. § 1105**

42.     Plaintiff re-alleges paragraphs 1 through 41, above.

43.     At all relevant times, each of the defendants acted as a fiduciary under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A) with respect to the disposition of the Plan's assets in the Foamex Stock Fund, and each defendant was a co-fiduciary of the others under ERISA § 405, 29 U.S.C. § 1105.

44.     ERISA § 405, 29 U.S.C. § 1105, states, in relevant part, that

COMPLAINT—CLASS ACTION – 11

SIRIANNI YOUTZ
MEIER & SPOONEMORE
719 SECOND AVENUE, SUITE 1100
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303 FAX (206) 223-0246

In addition to any liability which he may have under any other provisions of this part, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances:

(1)   if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach;

(2)   if, by his failure to comply with section 1104(a)(1) of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or

(3)   if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach.

45.   As a direct and proximate result of the defendants' acts and omissions described above, the Plan and its participants and beneficiaries have been damaged and are entitled to relief under ERISA.

46.   Plaintiff, on behalf of himself, the class and the Plan, prays for relief compelling the defendants to make good the losses to the Plan by restoring to the Plan the losses incurred as a result of the defendants' breaches of fiduciary duty.

## THIRD CLAIM:
## ATTORNEY FEES AND COSTS UNDER ERISA § 502(g), 29 U.S.C.  1132(g)

47.   Plaintiff re-alleges paragraphs 1 through 46, above.

48.   Plaintiff and plaintiff's class are entitled to attorney fees and costs under ERISA § 502(g), 29 U.S.C. § 1132(g).

COMPLAINT—CLASS ACTION – 12

SIRIANNI YOUTZ
MEIER & SPOONEMORE
719 SECOND AVENUE, SUITE 1100
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303  FAX (206) 223-0246

## H.  DEMAND FOR RELIEF

WHEREFORE, plaintiff requests that this Court:

1.     Certify this case as a class action, designate the named plaintiff as class representative, and designate SIRIANNI YOUTZ MEIER & SPOONEMORE and EKMAN, BOHRER & THULIN, P.S., as class counsel;

2.     Declare that the defendants violated ERISA in the manner set forth above;

3.     Order the defendants to make good the losses, including opportunity losses, sustained by the Plan and its participants and beneficiaries due to the defendants' breaches of their fiduciary duties;

4.     Order the defendants to make good the losses, including opportunity losses and interest, sustained by the Plan and its participants and beneficiaries due to the defendants' breaches of their fiduciary duties;

5.     Award plaintiff and the class their attorney fees; and

6.     Award such other relief as is just and proper.

DATED: July 2, 2007.

SIRIANNI YOUTZ
MEIER & SPOONEMORE

Richard E. Spoonemore  (WSBA #21833)

EKMAN, BOHRER & THULIN, P.S.
Charles H. Thulin  (WSBA #9039)
220 W. Mercer Street, Suite 400
Seattle, WA  98119

Attorneys for Plaintiff William Stanford, Jr.

COMPLAINT—CLASS ACTION – 13